**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JAHNEL MULLINS, on behalf of her minor son, F.M., | ) | |
| Plaintiff, | ) | |
| vs. | ) | 20 CV 631 |
| The CITY OF BERWYN, Illinois, a municipal corporation and Unidentified Berwyn Police Officers, | ) | Judge |
| | ) | Magistrate Judge |
| Defendants. | ) | |

## COMPLAINT

JAHNEL MULLINS, on behalf of her minor son, F.M., by and through her attorneys, makes the following complaint against Defendants the CITY OF BERWYN, Illinois, ("Defendant CITY"), and Unidentified Berwyn Police Officers, ("Defendant OFFICERS"):

## JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of F.M.'s rights as secured by the United States Constitution and Illinois common law.
2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 and 1367.
3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. F.M. is a 14-year-old freshman in high school who lives with his mother in Berwyn, Illinois.
5. Plaintiff JAHNEL MULLINS is F.M.'s mother and legal guardian.
6. At all relevant times, Defendant OFFICERS are or were Berwyn police officers, employed by Defendant CITY, acting under color of law and within the scope of their employment.

7. Defendant CITY is a municipal corporation duly incorporated under the laws of the State of Illinois, and was at all relevant times the employer and principal of Defendant OFFICERS. Should Plaintiff prevail on her claims, Defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claims pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

**FACTS**

8. On the afternoon of December 9, 2019, F.M. was walking near his school at the intersection of 25th Street and Kenilworth Avenue in Berwyn, Illinois.
9. Defendant OFFICERS were on duty working as Berwyn police officers in the same area.
10. F.M. was not doing anything illegal to warrant any police interaction.
11. Nevertheless, one or more of the Defendant OFFICERS grabbed F.M. from behind, flipped him up into the air and slammed F.M.'s body to the ground.
12. F.M.'s right side struck the ground bending his neck forcefully and causing an injury to his neck.
13. Defendant OFFICERS then got on top of F.M. and handcuffed his hands behind his back in front of other students.
14. One or more of the Defendant OFFICERS was a supervisor who witnessed this incident and did nothing to intervene.
15. After handcuffing F.M., Defendant OFFICERS transported him to the Berwyn police station.
16. Defendant OFFICERS placed F.M. inside a detention cell at the Berwyn Police Department.
17. After being detained at the police station for several hours, F.M. was released without any charges.
18. F.M. then went to a hospital where he was diagnosed with an acute neck sprain.

**COUNT I**
(42 U.S.C. § 1983 – Excessive Force)

19. Each of the previous paragraphs is incorporated as if fully restated here.

20. As described above, the intentional conduct of one or more of the Defendant OFFICERS towards F.M. was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.
21. One or more of the Defendant OFFICERS was aware of the misconduct of his fellow Defendant OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do so.
22. As a direct and proximate result of this excessive force, F.M. suffered damages, which will be proven at trial.

**WHEREFORE**, F.M. prays for a judgment against one or more of the Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT II**
(42 U.S.C. § 1983 – False Arrest)

23. Each of the previous paragraphs is incorporated as if fully restated here.
24. As described above, Defendant OFFICERS arrested F.M., or caused him to be arrested, without probable cause or any other legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.
25. One or more of the Defendant OFFICERS was aware of the misconduct of his fellow Defendant OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do so.
26. As a direct and proximate result of this illegal arrest and failure to intervene, F.M. suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE**, F.M. prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT III**
(42 U.S.C. § 1983 – Supervisory Liability)

27. Each of the previous paragraphs is incorporated as if fully restated here.

28. At all relevant times, one or more of the Defendant OFFICERS was a supervisory-level police official on the Berwyn Police Department. It was the responsibility of any supervisor on scene to supervise the conduct of the Defendant OFFICERS.

29. Rather than properly supervising the Defendant OFFICERS, one or more of the supervising officers condoned the unlawful behavior of the Defendant OFFICERS and failed to take appropriate steps to stop it.

30. As a direct and proximate result of one or more of the failure to supervise the Defendant OFFICERS, F.M. suffered damages, which will be proven at trial.

**WHEREFORE**, F.M. prays for a judgment against the supervisory Defendant OFFICER(S) in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT IV**
(Illinois State Law Battery Claim)

31. Each of the previous paragraphs is incorporated as if fully restated here.

32. As described above, one or more of the Defendant OFFICERS willfully and wantonly and without legal justification used physical force upon F.M..

33. As a direct and proximate result of one or more of the Defendant OFFICERS' intentional misconduct, F.M. suffered damages, which will be proven at trial.

**WHEREFORE**, F.M. prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

JAHNEL MULLINS, on behalf of her minor son, F.M., Plaintiff

By: /s Torreya L. Hamilton
Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397